# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LEVANTE WASHINGTON,

    Plaintiff,

-vs-                                          Case No. 13-C-1080

UNITED STATES DEPARTMENT
OF EDUCATION,

    Defendant.

# DECISION AND ORDER

Pro se Plaintiff Levante Washington ("Washington") seeks leave to proceed *in forma pauperis* on his civil rights action pursuant to 42 U.S.C. § 2000d, Title VI of the Civil Rights Act of 1964, arising from the September 28, 2010, denial of his request for the discharge of his student loans.[1] Washington filed a verified Complaint[2] stating

---

[1] Section 1087(c)(1) of Title 20 of the United States Code addresses the discharge of student loans by the Secretary of Education, in pertinent part, as follows:

> If a borrower who received, on or after January 1, 1986, a loan made, insured, or guaranteed under this part and the student borrower, . . . is unable to complete the program in which such student is enrolled due to the closure of the institution or if such student's eligibility to borrow under this part was falsely certified by the eligible institution . . . , then the Secretary shall discharge the borrower's liability on the loan (including interest and collection fees) by repaying the amount owed on the loan and shall subsequently pursue any claim available to such borrower against the institution and its affiliates and principals or settle the loan obligation pursuant to the financial responsibility authority under subpart 3 of part G of this subchapter.

[2] By declaring under penalty of perjury that the Complaint is true, and by signing it,

that at the time the school certified or originated the loan he was unable to meet the legal requirements for employment in Wisconsin, where he resides, in the occupation for which the program of study was intended. Washington also cites Wisconsin Statute § 111.335, part of the Wisconsin Fair Employment Act ("WFEA") prohibiting discrimination in employment, which includes discrimination based on an arrest or conviction record. *See* 67 Wis. Op. Atty. Gen. 328, 1978 WL 34047 (Wis. A.G. 1978).

In order to authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: First, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a)(1) and (e)(2)(B)(i).

By his petition and affidavit to proceed *in forma pauperis*, Washington avers that he is unemployed, single, and has no legal dependents. Washington states that he receives public assistance in the amount of $200 per month and he is currently homeless. Washington's only tangible asset, other than his basic household possessions, is a 2004 Hyundai Elantra automobile worth $3,000, with an outstanding loan of $2,400. Although Washington has $120 in cash or an account, his monthly expenses of $700 include $350 for credit card payments, $185 for car payments, $80 for gasoline, and $10 for life insurance. In the Court's view, Washington has satisfied

---

Washington converted the factual assertions in the Complaint, that are based on personal knowledge and would be admissible into evidence, into an affidavit. *See Ford v. Wilson,* 90 F.3d 245, 246 (7th Cir. 1996),

- 2 -

Case 2:13-cv-01080-RTR   Filed 10/03/13   Page 2 of 6   Document 3

the requirements of 28 U.S.C. § 1915(a) and is unable to pay the $350 filing fee for this action.

Washington must next demonstrate that his action has merit as required by 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir. 1993). The Court is obliged to give a plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

- 3 -

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly,* 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Washington's Complaint asserts that his action is brought pursuant to section 2000d of Title 42 of the United States Code. Section 2000d provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance.

It is "beyond dispute" that an individual plaintiff may bring suit under Title VI and that a successful plaintiff may obtain money damages and injunctive relief. *Alexander v. Sandoval,* 532 U.S. 275, 280 (2001). To prevail on a § 2000d claim, Washington would have to establish that the Defendant, Department of Education

("Education"),[3] intentionally treated him differently because of his race, color, or national origin. *See id.* at 281 (holding that Title VI prohibits only intentional discrimination); *Brewer v. Bd. of Trs. of Univ. of Ill.,* 479 F.3d 908, 921 (7th Cir. 2007) (same).

Washington's Complaint does not include any facts raising a plausible inference that his race or any other protected ground was a factor in Education's denial of his request for a discharge of his student loan. Therefore, Washington's Complaint fails to state a cause of action and, for that reason, is subject to dismissal.

However, in keeping with the general practice that "[w]hen a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible," s*ee Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citing Fed. R. Civ. P. 15(a); *Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010); *Foster v. DeLuca,* 545 F.3d 582, 584–85 (7th Cir. 2008)) (reversing dismissal with prejudice where district court did not explain reason for denying leave to amend), Washington will be allowed to file an amended Complaint. If Washington fails to file an amended Complaint by the stated deadline, this action will be dismissed for failure to state a claim without further order

---

[3] Washington may not have named the proper defendant in this action. However, that question can be sorted out later, if Washington is able to amend his complaint to state a claim. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) (stating district courts have a special responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim, and that "it is incumbent on [the Court] to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds.").

of the Court.

Washington is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84,* 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda,* the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be reviewed pursuant to 28 U.S.C. § 1915.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**On or before November 12, 2013,** Washington may file an amended pleading curing the defects in the Complaint as described herein.

Dated at Milwaukee, Wisconsin, this 3rd day of October, 2013.

                                            **BY THE COURT:**

                                            */s/ Rudolph T. Randa*
                                            **HON. RUDOLPH T. RANDA**
                                            **U.S. District Judge**