# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

LEVANTE WASHINGTON,

        Plaintiff,

      v.                              Case No.  13-C-1080

ARNE DUNCAN, SECRETARY OF THE
UNITED STATES DEPARTMENT
OF EDUCATION,

        Defendant.

## DECISION AND ORDER

On October 3, 2013, this Court issued an order with respect to the petition of pro se Plaintiff Levante Washington ("Washington") for leave to proceed *in forma pauperis* on his action arising from the September 28, 2010, denial of his request for the discharge of his student loans.[1]  Although determining that Washington is unable to pay the $350 filing fee, the Court determined that Washington's Complaint did not state a cause of

---

[1] Section 1087(c)(1) of Title 20 of the United States Code addresses the discharge of student loans by the Secretary of Education, in pertinent part, as follows:

> If a borrower who received, on or after January 1, 1986, a loan made, insured, or guaranteed under this part and the student borrower, . . . is unable to complete the program in which such student is enrolled due to the closure of the institution or if such student's eligibility to borrow under this part was falsely certified by the eligible institution . . . , then the Secretary shall discharge the borrower's liability on the loan (including interest and collection fees) by repaying the amount owed on the loan and shall subsequently pursue any claim available to such borrower against the institution and its affiliates and principals or settle the loan obligation pursuant to the financial responsibility authority under subpart 3 of part G of this subchapter.

action and allowed him the opportunity to file an amended Complaint curing the defects identified in that Decision and Order.

Washington filed a timely amended Complaint, naming United States Secretary of Education Arne Duncan as the defendant. Washington's amended pleading states that he seeks review of the denial of his student loan discharge based on false certification due to a disqualifying status pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 500-706[2] and the due process clause of the Fifth Amendment. At this juncture of the proceedings, the Court concludes that Washington states an arguable claim for relief.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Washington's petition for leave to proceed *in forma pauperis* is **GRANTED**.

The United States Marshal shall serve a copy of the amended Complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. Washington is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals

_____

[2] With respect to APA claim, an action for judicial review "may be brought against the United States, the agency by its official title, or the appropriate officer." 5 U.S.C. § 703.

Case 2:13-cv-01080-RTR   Filed 11/05/13   Page 2 of 3   Document 5

Service.

The defendant shall file a responsive pleading to the amended Complaint.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of November, 2013.

BY THE COURT:

HON. RUDOLPH T. RANDA
U.S. District Judge

- 3 -