# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEVANTE WASHINGTON,**

    Plaintiff,

-vs-                                      Case No. 13-C-1080

**ARNE DUNCAN**
**Secretary, United States**
**Department of Education,**

    Defendant.

## DECISION AND ORDER

This matter comes before the Court on the motion of Defendant Arne Duncan ("Duncan"), the Secretary of the United States Department of Education ("DOE"), to dismiss pro se Plaintiff Levante Washington's ("Washington") Amended Complaint ("Complaint") for failure to state a cause of action, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) Duncan contends that Washington's Complaint must be dismissed because it fails to provide specific facts to support Washington's legal claims. Washington's response brief states that he seeks judicial review of the DOE's decision under 5 U.S.C. § 706(2)(A) and (B)[1] of the Administrative Procedure

---

[1] Sections 706(2)(A) and (B) provide:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law,

Act ("APA").

Washington attached the following exhibits to his brief: his sworn statement of qualification for loan discharge dated May 5, 2010; two loan discharge applications signed by Washington dated May 5, 2010 — one relating to a loan to attend Milwaukee Area Technical College from August 31, 2002 to May 31, 2004, with a program of study in e-commerce/web administration, and the other relating to a loan to attend Cardinal Stritch University from August 1, 2004 to August 1, 2008, to study business administration; two denials of discharge dated July 16, and September 28, 2010, from the William D. Ford Federal Direct Loan Program; and two memos from Washington to the Direct Loan Servicing Center dated August 30, 2010, and October 30, 2011 (collectively the "group one documents"). Also attached are a document from the Wisconsin Circuit Court Access System, generated

---

> interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
>
> . . .
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (B) contrary to constitutional right, power, privilege, or immunity;
>
> . . . .
>
> In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

on October 25, 2009, indicating that in a 1994 case Washington was convicted of two counts of robbery by threat of use of a dangerous weapon in violation of Wis. Stat. § 943.32(1)(b)(1994); a partial copy of Wis. Stat. § 111.335 which relates to employment discrimination based on a record of an arrest or conviction; and a page of a July 1, 2011, decision by the State of Wisconsin Department of Workforce Development Equal Rights Division (collectively the "group two documents"). The group one documents will be considered as illustrating facts that Washington expects to prove. *See Geinosky v. City of Chi.,* 675 F.3d 743, 745 n.1 (7th Cir. 2012) (stating that a party opposing a Rule 12(b)(6) motion is allowed to submit materials outside the pleadings to illustrate the facts the party expects to be able to prove, without converting the motion into one for summary judgment, and indeed "may find it prudent to do so" "[i]n the turmoil concerning civil pleading standards stirred up by" *Twombly* and *Iqbal.)* The group two documents are properly the subject of judicial notice pursuant to Rule 201 of the Federal Rules of Evidence, as they are a state court record, a state statute, and state administrative decision. Duncan declined to file a reply brief, indicating that Washington has failed to offer any meritorious arguments to the motion to dismiss.

For a complaint to withstand a Rule 12(b)(6) motion, Federal Rule of Civil Procedure 8(a)(2) requires that the claimant provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The

pleading must include more than mere legal conclusions or a recitation of the cause of action elements, but does not require detailed factual allegations. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The pleading must meet a plausibility threshold; mere possibility is not enough. *Id.* at 570. Plausibility means there are enough facts in the complaint for a reviewing court to draw a reasonable inference that the pleader is entitled to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Some pleaded facts must support the claim. *Id.* at 678-79; *McCauley v. City of Chi.,* 671 F.3d 611, 616-17 (7th Cir. 2011); *Swanson v. Citibank, N.A.,* 614 F.3d 400, 405 (7th Cir. 2010). While a complaint filed by a plaintiff proceeding pro se is held to less stringent standards than formal pleadings drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a defendant is still "owed 'fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bissessur v. Indiana University Board of Trustees,* 581 F.3d 599, 603 (7th Cir. 2009) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Section 1087(c)(1) of Title 20 of the United States Code addresses the discharge of student loans by the Secretary of Education, in pertinent part, as follows:

> If a borrower who received, on or after January 1, 1986, a loan made, insured, or guaranteed under this part and the student borrower, . . . is unable to complete the program in which such student is enrolled due to the closure of the institution or if

such student's eligibility to borrow under this part was falsely certified by the eligible institution . . . , then the Secretary shall discharge the borrower's liability on the loan (including interest and collection fees) by repaying the amount owed on the loan and shall subsequently pursue any claim available to such borrower against the institution and its affiliates and principals or settle the loan obligation pursuant to the financial responsibility authority under subpart 3 of part G of this subchapter.

35 C.F.R. § 685.215(a)(1)(iii) provides in pertinent part:

> (a) Basis for discharge.
>
> (1) False certification. The Secretary discharges a borrower's . . . obligation to repay a Direct Loan in accordance with the provisions of this section if a school falsely certifies the eligibility of the borrower . . . to receive the loan. The Secretary considers a student's eligibility to borrow to have been falsely certified by the school if the school—
>
> . . .
>
> (iii) Certified the eligibility of a student who, because of a physical or mental condition, age, criminal record, or other reason accepted by the Secretary, would not meet the requirements for employment (in the student's State of residence when the loan was originated) in the occupation for which the training program supported by the loan was intended.

The Complaint alleges in full that:

> Plaintiff is bringing this cause of action to seek judicial review of the U.S. Department of Education administrative decision denying the plaintiff's student loan discharge based on false certification due to a disqualifying status, where the plaintiff has

>   been unable at the time the school certified or originated the student[']s loan to meet the legal requirements for employment in the plaintiff[']s state of residence. Plaintiff seeks review pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500-706; and the Fifth Amendment of the U.S. Constitution Due Process Clause.

(ECF No. 4.)

The Complaint does not allege the date or date(s) of the challenged decisions. However, the group one exhibits proffered by Washington — considered for illustrative purposes — add plausibility to Washington's request for relief under 5 U.S.C. § 706(2)(A) and (B) because they include decision dates, identify the decision maker, and provide basic information about the loans for which the discharge was sought and why. The state court record may also be relevant. Based on the foregoing, Duncan's motion to dismiss is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Duncan's motion to dismiss (ECF No. 16) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of December, 2014.

**BY THE COURT:**

*/s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**