# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEVANTE WASHINGTON,**

    Plaintiff,

-vs-                                      Case No. 13-C-1080

**ARNE DUNCAN, Secretary,
United States Department of Education,**

    Defendant.

## DECISION AND ORDER

This matter comes before the Court on pro se Plaintiff Levante Washington's ("Washington") motion for judgment on the pleadings and judgment against Defendant Arne Duncan ("Duncan"), the Secretary of the United States Department of Education ("DOE"), and Duncan's motion for leave to file an Answer. (ECF Nos. 24, 26.)

Liberally construed, Washington's motion, accompanied by his affidavit, is a motion for default judgment pursuant to Fed. R. Civ. P. 55 based on Duncan's failure to file a timely answer to Washington's Amended Complaint ("Complaint") following the Court's December 31, 2014, denial of Duncan's motion to dismiss for failure to state a claim. (ECF No. 23.) The answer should have been filed within 14 days of notice of that decision. *See* Fed. R. Civ. P. 12(a)(4)(A).

By his motion, Duncan states that he failed to calendar the correct filing date for his answer, and he proffers his proposed Answer (ECF No. 26-1). Duncan states that if his motion for leave to file is granted, Washington's default motion will be mooted and, regardless, Rule 55(d) bars the entry of default against him under the circumstances presented. (ECF No. 28.) Duncan also states that because Washington is seeking judicial review of the DOE's decision under 5 U.S.C. § 706(2)[1] of the Administrative Procedure Act, the relief generally available is remand of the matter to the agency to correct a significant error established by a plaintiff. Duncan also suggests that the procedures adopted in this District for review of Social Security Disability

---

[1] Sections 706(2)(A) and (B) provide:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
> . . . .
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (B) contrary to constitutional right, power, privilege, or immunity;
> . . . .
> In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

Appeals[2] be followed in this action.

Washington did not file a response to Duncan's motion or a reply in support of his own motion.

## Leave to File Answer

With respect to Duncan's motion for leave to file an answer, Fed. R. Civ. P. 6(b)(1)(B) provides that "on motion made after the time has expired" the Court may extend the time "if the party failed to act because of excusable neglect." Excusable neglect is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence" *Robb v. Norfolk & W. Ry. Co.,* 122 F.3d 354, 355-56 (7th Cir. 1997) (quoting *Pioneer,* 507 U.S. at 394). In doing so, the Court takes "account of all relevant circumstances surrounding the party's omission . . . including . . . the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.,* 646 F.3d 401, 404-05 (7th Cir. 2011) (quoting *Pioneer,* 507 U.S. at

---

[2] See *Procedures in Social Security Disability Appeals,* available under "E-Filing Procedures" at United States District Court, Eastern District of Wisconsin, http://www.wied.uscourts.gov

- 3 -

395); *see also Raymond v. Ameritech Corp.,* 442 F.3d 600, 606 (7th Cir. 2006). Context matters in determining excusable neglect. Accordingly, courts consider whether the movant was previously dilatory. *Blue v. Hartford Life & Accident Ins. Co.,* 698 F.3d 587, 593-94 (7th Cir. 2012); *Raymond*, 442 F.3d at 608.

The filing deadline for Duncan was not included in the Court's order. Rather, it arose under Rule 12(a)(4)(A), which provides that "if the court denies the motion . . . , the responsive pleading must be served within 14 days after notice of the court's action." Washington does not claim any prejudice by the delay and, given that this action for judicial review has been pending since late September 2013, the delay has not significantly impeded its progress; nor is there any indication of bad faith in the delay. Nonetheless, the Court notes that upon being served with the Amended Complaint, Duncan sought and obtained two extensions of time to file a response. (ECF Nos. 7-12.)

Duncan's failure to calendar the filing date for his Answer after receiving the Court's December 31, 2014, decision can be classified as excusable carelessness. *See Castro v. Bd. of Educ. of City of Chi.,* 214 F.3d 932, 934 (7th Cir. 2000). Even after Washington filed his motion seeking relief against Duncan, the lapse went uncorrected for about 20 more days. While Duncan's excuse is rather weak, the prejudice to Washington and the impact on the case is minimal. Therefore, bearing in mind the equitable

nature of extensions of time, *see United States v. Alvarez-Martinez*, 286 F.3d 470, 473 (7th Cir. 2002), Duncan's motion for leave to file his Answer is granted and the Court will direct the Clerk of Court to file his Answer.

## Default Judgment

Given that the Court has granted Duncan's motion, Washington's motion for default judgment is moot. Moreover, even if considered on its merits, Washington has not presented sufficient evidence to establish that he is entitled to a discharge of his student loans. *See* Fed. R. Civ. P. 55(d). Washington's motion is denied.

## Future Proceedings

With regard to future proceedings, the Court will adopt the procedure used for social security disability appeals and set a schedule that will govern this action. By the deadlines stated below, Duncan must file and serve the certified administrative record; Washington must file a brief that does not exceed 30 double-spaced pages identifying the specific errors/grounds for judicial review together with any supplemental materials; Duncan must then file a response, not exceeding 30 double-spaced pages, which may include additional relevant issues not raised by Washington, together with any appropriate supplemental materials; and Washington may file a reply brief that does not exceed 15 double-spaced pages. These deadlines and page limitations may be modified only for good cause and with the Court's consent.

When the briefing has been completed, the Court will be in a position to decide the case.

With respect to any supplemental materials, the parties are advised that judicial review of an agency's decision is generally limited to the administrative record prepared in connection with that decision. 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 743-44 (1985). Nonetheless, courts can look beyond the administrative record when (1) evidence suggests bad faith or improprieties may have influenced the decisionmaker; (2) it appears that the agency has relied on substantial records and materials not included in the record; or (3) the procedures utilized and factors considered by the decisionmaker require further explanation for effective review. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420 (1971). However, a party must make a "strong showing" that one of these exceptions applies before a court will allow extra-record inquiry. *Id.*

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Duncan's motion for leave to file his Answer (ECF No. 26) is **GRANTED**;

The Clerk of Court is **DIRECTED** to file Duncan's Answer (ECF No. 26-1);

Washington's motion for default judgment (ECF No 24) is **DENIED**;

Duncan **MUST** file and serve the certified record **no later than June 30, 2015**;

Washington **MUST** file his initial brief **no later than August 10, 2015;**

Duncan **MUST** file his initial brief **no later than September 21, 2015; and**

Washington **MUST** file any reply brief **no later than October 6, 2015**.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**