UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEVANTE WASHINGTON,

    Plaintiff,

v.                                               Case No. 13-cv-1080-pp

ARNE DUNCAN,
*Secretary, U.S. Department of Education,*

    Defendant.

**ORDER GRANTING IN PART THE PLAINTIFF'S MOTION FOR PRIVACY PROTECTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 5.2(E)(1)(2) (DKT. NO. 43), AND REQUIRING THE DEFENDANT TO PROVIDE THE CLERK OF COURT WITH REDACTED COPIES OF THE ADMINISTRATIVE RECORD BY A DATE CERTAIN**

Years ago, the plaintiff filed a case seeking review of the decision by the Secretary of the United States Department of Education denying administrative discharge of his student loans on the basis of a disqualifying status. Dkt. No. 1. After reviewing the administrative record (which the government had filed), Judge Rudolph T. Randa affirmed the final decision denying the plaintiff's request for discharge. Dkt. No. 41.

Over a year and a half later, the plaintiff filed a motion for privacy protection, asking the court to prevent public access to his case, or in the alternative, to redact "specified information"—namely, information revealing that he had a criminal conviction. Dkt. No. 43. At that point, the clerk of courts

reassigned the case to this court (because Judge Randa passed away in 2016). Dkt. No. 43.

The court will deny the motion in part, but will require the government to redact certain personal identifying information which should have been redacted at the time of filing.

**I.    Motion for Privacy Protection**

The plaintiff made the following request:

> Pursuant to Federal Rule of Civil Procedure 7(b)(1)(A)(B), the plaintiff in the above titled case request of this court an order to prevent access to this titled case in the public domain, or redaction of specified information; named on sites such as pacer, pacermonitor, justia, and any other public domain aggregate sites due to the fact that there is information contained in the documents filed with the court and returned to the plaintiff by the court, regarding prior conviction information that adversely affects the plaintiff in obtaining employment, specifically, in the legal sector where potential employers have access to information that would circumvent the public policy that exists in the U.S. Fair Credit Reporting Act in seeking permission from the plaintiff in conducting a consumer report, where prior conviction information would be legally obtained, in addition to substantive rights contained in the Texas Business & Commerce Code regarding conviction information statute of limitations.

Id. Although the plaintiff asks the court to deny the public access to the entire case, he identifies his prior conviction information as the specific information he wants protected.

In the caption of the motion, the plaintiff cites Federal Rule of Civil Procedure 5.2(e)(1)(2). Dkt. No. 43. In the body of the motion, he cites Fed. R. Civ. P. 7(b)(1)(A)(B) and his rights under "the Texas Business & Commerce Code." Id. Rule 7(b)(1)(A) says that anyone who asks the court to issue an order must make that request in writing. Rule 7(b)(1)(B) says that the written request

2

must state specific grounds for asking for a court order. Neither of those rules allow the court to block public access to the docket. It is not clear why the plaintiff believes that the Texas Business and Commerce Code would apply in federal court in Wisconsin, and he does not point the court to any particular section or provision of that code that would support the relief he requests.

Federal Rule of Civil Procedure 5.2, which was adopted in compliance with section 205(c)(3) of the E-Government Act of 2002, Pub. L. 107-347, addresses privacy protection for filings in federal court. The rule says that a party filing documents must redact from those documents Social Security numbers, dates of birth, the initials of minors and financial account numbers. Fed. R. Civ. P. 5.2(a)(1)-(4). Redaction means marking through, or marking out, information. There are exemptions from this requirement—for example, Rule 5.2(b)(2) says that the requirement does not apply to the record of an administrative or agency proceeding (such as the administrative record the government filed in this case). If a party shows good cause, however, the rule authorizes a court to require filers to redact additional information. Fed. R. Civ. P. 5.2(e).

There is also a rule allowing parties to exchange information with each other in a confidential manner. Fed. R. Civ. P. 26(c) allows a party who has been asked to produce discovery documents to request a protective order from the court, requiring that the documents be kept confidential between the parties.

Otherwise, what happens in the federal courts is presumptively open to public scrutiny. Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999). Privacy interests of the individual litigants can override the public's interest only if there is "good cause for sealing a part or whole of the record." Id. There are rules that allow a court to restrict an entire document from the public view. A party who wants to seal a document from public view may file a motion under General Local Rule 79, but to succeed on that motion, the party must show good cause as to why the court should prevent the public from seeing the document. Gen. L.R. 79 (E.D. Wis.). It is very rare for a court to seal an entire case; this usually happens only in cases in which someone's life may be jeopardized if the existence of the case were to be public.

The timing of the plaintiff's motion is unusual, given what has happened in the case. The plaintiff filed his complaint four and a half years ago, on September 25, 2013. Judge Randa dismissed the case in January 2016—over two years ago. The case was pending before Judge Randa, then, for almost two and a half years, and the plaintiff never asked the court for any privacy protections while the case was pending. He himself produced some of the documents that mention his conviction, dkt. no. 16-1, but never asked for a protective order before disclosing them.

Further, none of the privacy protections that the court describes above provide for a court to redact reference to criminal convictions. If the plaintiff is asking the court to somehow prevent the outside world from learning that he has prior criminal convictions, the court cannot grant that request—there is no

statute or rule which makes that information private. The plaintiff expresses concern that the fact that he has a prior conviction might make it hard for him to find a job. This likely is true; many felons find it difficult to find work. But this is not a basis for sealing or redacting what is otherwise public, and unprotected, information.

The court will not grant the plaintiff's request to seal his case, or to redact information regarding his conviction. In reviewing the administrative record the government filed on June 22, 2015, however, the court observed that it contains sensitive personal identifiers that should have been redacted. Dkt. No. 32-1. The fifty-five page administrative record filed on June 22, 2015, contains the plaintiff's account and Social Security numbers. The court will restrict that record from public view, and order the government to file a redacted version, redacting any reference to all but the last four digits of the plaintiff's Social Security number and any reference to all but the last four digits of any financial account numbers.

## II. Conclusion

The court **GRANTS IN PART** and **DENIES IN PART** the plaintiff's motion for privacy protection. Dkt. No. 43.

The court **ORDERS** the clerk of court to restrict from public view the administrative record, located at Dkt. No. 32-1.

The court **ORDERS** the government to provide redacted copies of the

administrative record to the clerk of court for docketing by the end of the day on **March 9, 2018**.

Dated in Milwaukee, Wisconsin this 26th day of February, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**